UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
PEDRO MANGOBA PEREZ JR., OLIVER UMALI
DELA CRUZ, LARRY VILLENA, and
RAYMUNDO ALMERON MINA JR.,

                     Plaintiffs,

        -against-

GUN JAE LEE, and THERESA LEE a/k/a TERI LEE,
jointly and severally,

                     Defendants.
------------------------------------------------------------------X

Docket No.: 18 CV 01922

**ANSWER**

Defendants, GUN JAE LEE, and TERI LEE i/s/h/a THERESA LEE a/k/a TERI LEE,

jointly and severally, by their attorneys, MILBER MAKRIS PLOUSADIS & SEIDEN, LLP, as

and for their Answer to the Complaint, allege the following upon information and belief:

### NATURE OF THE ACTION

1.     Defendants aver that the allegations contained in Paragraph "1" of the Complaint

constitute conclusions of law to which no response is required.  To the extent that a response is

deemed necessary, Defendants deny the allegations contained in Paragraph "1" of the Complaint

and respectfully refer all questions of law to this Honorable Court.

### JURISDICTION AND VENUE

2.     Defendants aver that the allegations contained in Paragraph "2" of the Complaint

constitute conclusions of law to which no response is required.  To the extent that a response is

deemed necessary, Defendants deny the allegations contained in Paragraph "2" of the Complaint

and respectfully refer all questions of law to this Honorable Court.

3.     Defendants aver that the allegations contained in Paragraph "3" of the Complaint

constitute conclusions of law to which no response is required.  To the extent that a response is

deemed necessary, Defendants deny the allegations contained in Paragraph "3" of the Complaint and respectfully refer all questions of law to this Honorable Court.

4.      Defendants aver that the allegations contained in Paragraph "4" of the Complaint constitute conclusions of law to which no response is required.  To the extent that a response is deemed necessary, Defendants deny the allegations contained in Paragraph "4" of the Complaint and respectfully refer all questions of law to this Honorable Court.

## PARTIES

5.      Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "5" of the Complaint.

6.      Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "6" of the Complaint.

7.      Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "7" of the Complaint.

8.      Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "8" of the Complaint.

9.      Defendants admit each and every allegation contained in Paragraph "9" of the Complaint.

10.      Defendants deny each and every allegation contained in Paragraph "10" of the Complaint except admit that Teri Lee is an adult individual residing at 2 Willets Lane, Syosset, New York.

11.      Defendants aver that the allegations contained in Paragraph "11" of the Complaint constitute conclusions of law to which no response is required.  To the extent that a response is deemed necessary, Defendants deny the allegations contained in Paragraph "11" of the

2

Complaint and respectfully refer all questions of law to this Honorable Court.

## PLAINTIFFS' ALLEGATIONS

12.     Defendants admit each and every allegation contained in Paragraph "12" of the Complaint.

13.     Defendants deny each and every allegation contained in Paragraph "13" of the Complaint.

14.     Defendants deny each and every allegation contained in Paragraph "14" of the Complaint.

15.     Defendants deny each and every allegation contained in Paragraph "15" of the Complaint.

16.     Defendants deny each and every allegation contained in Paragraph "16" of the Complaint.

17.     Defendants deny each and every allegation contained in Paragraph "17" of the Complaint.

18.     Defendants deny each and every allegation contained in Paragraph "18" of the Complaint.

19.     Defendants deny each and every allegation contained in Paragraph "19" of the Complaint.

20.     Defendants deny each and every allegation contained in Paragraph "20" of the Complaint.

21.     Defendants deny each and every allegation contained in Paragraph "21" of the Complaint.

22.     Defendants deny each and every allegation contained in Paragraph "22" of the Complaint.

23.     Defendants deny each and every allegation contained in Paragraph "23" of the Complaint.

24.     Defendants admit each and every allegation contained in Paragraph "24" of the Complaint.

25.     Defendants deny each and every allegation contained in Paragraph "25" of the Complaint.

26.     Defendants deny each and every allegation contained in Paragraph "26" of the Complaint.

27.     Defendants deny each and every allegation contained in Paragraph "27" of the Complaint.

28.     Defendants deny each and every allegation contained in Paragraph "28" of the Complaint.

29.     Defendants deny each and every allegation contained in Paragraph "29" of the Complaint.

30.     Defendants deny each and every allegation contained in Paragraph "30" of the Complaint.

31.     Defendants deny each and every allegation contained in Paragraph "31" of the Complaint.

32.     Defendants deny each and every allegation contained in Paragraph "32" of the Complaint.

33.     Defendants admit each and every allegation contained in Paragraph "33" of the Complaint.

34.     Defendants deny each and every allegation contained in Paragraph "34" of the Complaint.

35.     Defendants deny each and every allegation contained in Paragraph "35" of the Complaint.

36.     Defendants deny each and every allegation contained in Paragraph "36" of the Complaint.

37.     Defendants deny each and every allegation contained in Paragraph "37" of the Complaint.

38.     Defendants admit each and every allegation contained in Paragraph "38" of the Complaint.

39.     Defendants admit each and every allegation contained in Paragraph "39" of the Complaint.

40.     Defendants deny each and every allegation contained in Paragraph "40" of the Complaint.

41.     Defendants deny each and every allegation contained in Paragraph "41" of the Complaint.

42.     Defendants deny each and every allegation contained in Paragraph "42" of the Complaint.

43.     Defendants deny each and every allegation contained in Paragraph "43" of the Complaint and respectfully refer all questions of law to this Honorable Court.

44.     Defendants deny each and every allegation contained in Paragraph "44" of the Complaint and respectfully refer all questions of law to this Honorable Court.

45.     Defendants deny each and every allegation contained in Paragraph "45" of the Complaint and respectfully refer all questions of law to this Honorable Court.

46.     Defendants deny each and every allegation contained in Paragraph "46" of the Complaint and respectfully refer all questions of law to this Honorable Court.

47.     Defendants deny each and every allegation contained in Paragraph "47" of the Complaint and respectfully refer all questions of law to this Honorable Court.

48.     Defendants deny each and every allegation contained in Paragraph "48" of the Complaint and respectfully refer all questions of law to this Honorable Court.

49.     Defendants deny each and every allegation contained in Paragraph "49" of the Complaint and respectfully refer all questions of law to this Honorable Court.

50.     Defendants deny each and every allegation contained in Paragraph "50" of the Complaint and respectfully refer all questions of law to this Honorable Court.

51.     Defendants deny each and every allegation contained in Paragraph "51" of the Complaint.

52.     Defendants deny each and every allegation contained in Paragraph "52" of the Complaint.

**Pedro Mangoba Perez Jr.**

53.     Defendants deny each and every allegation contained in Paragraph "53" of the Complaint.

54.     Defendants deny each and every allegation contained in Paragraph "54" of the Complaint.

55.     Defendants deny each and every allegation contained in Paragraph "55" of the Complaint.

56.     Defendants deny each and every allegation contained in Paragraph "56" of the Complaint.

57.     Defendants deny each and every allegation contained in Paragraph "57" of the Complaint.

58.     Defendants deny each and every allegation contained in Paragraph "58" of the Complaint.

59.     Defendants deny each and every allegation contained in Paragraph "59" of the Complaint.

60.     Defendants deny each and every allegation contained in Paragraph "60" of the Complaint and respectfully refer all questions of law to this Honorable Court.

61.     Defendants deny each and every allegation contained in Paragraph "61" of the Complaint.

62.     Defendants deny each and every allegation contained in Paragraph "62" of the Complaint.

63.     Defendants deny each and every allegation contained in Paragraph "63" of the Complaint and respectfully refer all questions of law to this Honorable Court.

64.     Defendants deny each and every allegation contained in Paragraph "64" of the Complaint.

65.     Defendants deny each and every allegation contained in Paragraph "65" of the Complaint.

66.     Defendants deny each and every allegation contained in Paragraph "66" of the Complaint.

67.     Defendants deny each and every allegation contained in Paragraph "67" of the Complaint.

68.     Defendants deny each and every allegation contained in Paragraph "68" of the Complaint and respectfully refer all questions of law to this Honorable Court.

69.     Defendants deny each and every allegation contained in Paragraph "69" of the Complaint and respectfully refer all questions of law to this Honorable Court.

70.     Defendants deny each and every allegation contained in Paragraph "70" of the Complaint and respectfully refer all questions of law to this Honorable Court.

71.     Defendants deny each and every allegation contained in Paragraph "71" of the Complaint.

72.     Defendants deny each and every allegation contained in Paragraph "72" of the Complaint.

**Oliver Umali Dela Cruz**

73.     Defendants deny each and every allegation contained in Paragraph "73" of the Complaint.

74.     Defendants deny each and every allegation contained in Paragraph "74" of the Complaint.

75.     Defendants deny each and every allegation contained in Paragraph "75" of the Complaint.

76.     Defendants deny each and every allegation contained in Paragraph "76" of the Complaint.

77.     Defendants deny each and every allegation contained in Paragraph "77" of the Complaint.

78.     Defendants deny each and every allegation contained in Paragraph "78" of the Complaint.

79.     Defendants deny each and every allegation contained in Paragraph "79" of the Complaint.

80.     Defendants deny each and every allegation contained in Paragraph "80" of the Complaint and respectfully refer all questions of law to this Honorable Court.

81.     Defendants deny each and every allegation contained in Paragraph "81" of the Complaint.

82.     Defendants deny each and every allegation contained in Paragraph "82" of the Complaint.

83.     Defendants deny each and every allegation contained in Paragraph "83" of the Complaint and respectfully refer all questions of law to this Honorable Court.

84.     Defendants deny each and every allegation contained in Paragraph "84" of the Complaint.

85.     Defendants deny each and every allegation contained in Paragraph "85" of the Complaint.

86.     Defendants deny each and every allegation contained in Paragraph "86" of the Complaint.

87.     Defendants deny each and every allegation contained in Paragraph "87" of the Complaint.

88.     Defendants deny each and every allegation contained in Paragraph "88" of the Complaint.

89.     Defendants deny each and every allegation contained in Paragraph "89" of the Complaint.

90.     Defendants deny each and every allegation contained in Paragraph "90" of the Complaint.

91.     Defendants deny each and every allegation contained in Paragraph "91" of the Complaint.

92.     Defendants deny each and every allegation contained in Paragraph "92" of the Complaint and respectfully refer all questions of law to this Honorable Court.

93.     Defendants deny each and every allegation contained in Paragraph "93" of the Complaint and respectfully refer all questions of law to this Honorable Court.

94.     Defendants deny each and every allegation contained in Paragraph "94" of the Complaint and respectfully refer all questions of law to this Honorable Court.

95.     Defendants deny each and every allegation contained in Paragraph "95" of the Complaint.

96.     Defendants deny each and every allegation contained in Paragraph "96" of the Complaint.

**Larry Villena**

97.     Defendants deny each and every allegation contained in Paragraph "97" of the Complaint.

98.     Defendants deny each and every allegation contained in Paragraph "98" of the Complaint.

99.     Defendants deny each and every allegation contained in Paragraph "99" of the Complaint.

100.    Defendants deny each and every allegation contained in Paragraph "100" of the Complaint.

101.    Defendants deny each and every allegation contained in Paragraph "101" of the Complaint.

102.    Defendants deny each and every allegation contained in Paragraph "102" of the Complaint.

103.    Defendants deny each and every allegation contained in Paragraph "103" of the Complaint.

104.    Defendants deny each and every allegation contained in Paragraph "104" of the Complaint and respectfully refer all questions of law to this Honorable Court.

105.    Defendants deny each and every allegation contained in Paragraph "105" of the Complaint.

106.    Defendants deny each and every allegation contained in Paragraph "106" of the Complaint.

107.    Defendants deny each and every allegation contained in Paragraph "107" of the Complaint and respectfully refer all questions of law to this Honorable Court.

108.    Defendants deny each and every allegation contained in Paragraph "108" of the Complaint.

109.    Defendants deny each and every allegation contained in Paragraph "109" of the Complaint.

110.    Defendants deny each and every allegation contained in Paragraph "110" of the Complaint.

111.    Defendants deny each and every allegation contained in Paragraph "111" of the Complaint.

112.    Defendants deny each and every allegation contained in Paragraph "112" of the Complaint and respectfully refer all questions of law to this Honorable Court.

113.    Defendants deny each and every allegation contained in Paragraph "113" of the Complaint and respectfully refer all questions of law to this Honorable Court.

114.    Defendants deny each and every allegation contained in Paragraph "114" of the Complaint and respectfully refer all questions of law to this Honorable Court.

115.    Defendants deny each and every allegation contained in Paragraph "115" of the Complaint.

**Raymundo Almeron Mina Jr.**

116.    Defendants deny each and every allegation contained in Paragraph "116" of the Complaint.

117.    Defendants deny each and every allegation contained in Paragraph "117" of the Complaint.

118.    Defendants deny each and every allegation contained in Paragraph "118" of the Complaint.

119.    Defendants deny each and every allegation contained in Paragraph "119" of the Complaint.

120.    Defendants deny each and every allegation contained in Paragraph "120" of the Complaint.

12

121.    Defendants deny each and every allegation contained in Paragraph "121" of the Complaint.

122.    Defendants deny each and every allegation contained in Paragraph "122" of the Complaint.

123.    Defendants deny each and every allegation contained in Paragraph "123" of the Complaint.

124.    Defendants deny each and every allegation contained in Paragraph "124" of the Complaint.

125.    Defendants deny each and every allegation contained in Paragraph "125" of the Complaint.

126.    Defendants deny each and every allegation contained in Paragraph "126" of the Complaint.

127.    Defendants deny each and every allegation contained in Paragraph "127" of the Complaint.

128.    Defendants deny each and every allegation contained in Paragraph "128" of the Complaint.

129.    Defendants deny each and every allegation contained in Paragraph "129" of the Complaint.

130.    Defendants deny each and every allegation contained in Paragraph "130" of the Complaint.

131.    Defendants deny each and every allegation contained in Paragraph "131" of the Complaint and respectfully refer all questions of law to this Honorable Court.

132.    Defendants deny each and every allegation contained in Paragraph "132" of the Complaint and respectfully refer all questions of law to this Honorable Court.

133.    Defendants deny each and every allegation contained in Paragraph "133" of the Complaint and respectfully refer all questions of law to this Honorable Court.

134.    Defendants deny each and every allegation contained in Paragraph "134" of the Complaint.

135.    Defendants deny each and every allegation contained in Paragraph "135" of the Complaint.

## AS AND FOR AN ANSWER TO THE FIRST CLAIM FOR RELIEF
### Unpaid Overtime Compensation and Liquidated Damages pursuant to the FLSA, 29 .S.C. § 216

136.    In response to Paragraph "136", Defendants repeat, reiterate and reallege each and every response applicable to the allegations contained in paragraphs "1" through "135" of the Complaint as though more fully set forth herein.

137.    Defendants deny each and every allegation contained in Paragraph "137" of the Complaint and respectfully refer all questions of law to this Honorable Court.

138.    Defendants deny each and every allegation contained in Paragraph "138" of the Complaint and respectfully refer all questions of law to this Honorable Court.

139.    Defendants deny each and every allegation contained in Paragraph "139" of the Complaint and respectfully refer all questions of law to this Honorable Court.

**AS AND FOR AN ANSWER TO THE SECOND CLAIM FOR RELIEF**
**Unpaid Minimum Wages and Liquidated Damages pursuant to NYLL §§ 663, 198 and**
**12 NYCRR § 142-2.1**

140.    In response to Paragraph "140", Defendants repeat, reiterate and reallege each and every response applicable to the allegations contained in paragraphs "1" through "139" of the Complaint as though more fully set forth herein.

141.    Defendants deny each and every allegation contained in Paragraph "141" of the Complaint and respectfully refer all questions of law to this Honorable Court.

142.    Defendants deny each and every allegation contained in Paragraph "142" of the Complaint and respectfully refer all questions of law to this Honorable Court.

143.    Defendants deny each and every allegation contained in Paragraph "143" of the Complaint and respectfully refer all questions of law to this Honorable Court.

**AS AND FOR AN ANSWER TO THE THIRD CLAIM FOR RELIEF**
**Unpaid Overtime Compensation and Liquidated Damages pursuant to NYLL §§ 663, 198**
**and 12 NYCRR § 142-2.2**

144.    In response to Paragraph "144", Defendants repeat, reiterate and reallege each and every response applicable to the allegations contained in paragraphs "1" through "143" of the Complaint as though more fully set forth herein.

145.    Defendants deny each and every allegation contained in Paragraph "145" of the Complaint and respectfully refer all questions of law to this Honorable Court.

146.    Defendants deny each and every allegation contained in Paragraph "146" of the Complaint and respectfully refer all questions of law to this Honorable Court.

147.    Defendants deny each and every allegation contained in Paragraph "147" of the Complaint and respectfully refer all questions of law to this Honorable Court.

**AS AND FOR AN ANSWER TO THE FOURTH CLAIM FOR RELIEF**
**Unpaid Spread-of-Hours Premiums and Liquidated Damages pursuant to NYLL §§ 663, 198 and 12 NYCRR § 142-2.4**

148.    In response to Paragraph "148", Defendants repeat, reiterate and reallege each and every response applicable to the allegations contained in paragraphs "1" through "147" of the Complaint as though more fully set forth herein.

149.    Defendants deny each and every allegation contained in Paragraph "149" of the Complaint and respectfully refer all questions of law to this Honorable Court.

150.    Defendants deny each and every allegation contained in Paragraph "150" of the Complaint and respectfully refer all questions of law to this Honorable Court.

151.    Defendants deny each and every allegation contained in Paragraph "151" of the Complaint and respectfully refer all questions of law to this Honorable Court.

**AS AND FOR AN ANSWER TO THE FIFTH CLAIM FOR RELIEF**
**Wage Statement Damages pursuant to NYLL §§ 195(3) and 198(1-d)**

152.    In response to Paragraph "152", Defendants repeat, reiterate and reallege each and every response applicable to the allegations contained in paragraphs "1" through "151" of the Complaint as though more fully set forth herein.

153.    Defendants deny each and every allegation contained in Paragraph "153" of the Complaint and respectfully refer all questions of law to this Honorable Court.

154.    Defendants deny each and every allegation contained in Paragraph "154" of the Complaint and respectfully refer all questions of law to this Honorable Court.

155.    Defendants deny each and every allegation contained in Paragraph "155" of the Complaint and respectfully refer all questions of law to this Honorable Court.

## AS TO "WHEREFORE CLAUSE"

156.    Defendants deny each and every allegation set forth in Paragraphs "A." through "L." of the "Wherefore Clause" of Plaintiffs' Complaint.

## DEMAND FOR TRIAL BY JURY

157.    Defendants acknowledge that Plaintiffs demand a trial by jury pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

158.    Neither the Complaint as a whole, nor the causes of actions alleged therein, state facts sufficient to constitute a cause of action upon which relief can be granted against the Defendants.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

159.    The claims of the Plaintiffs are barred in whole or in part by any and all applicable statutes of limitations including, but not limited to, 29 U.S.C. §255.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

160.    The claims of the Plaintiffs are barred in whole or in part by the doctrines of unclean hands, laches, estoppels, and/or set off.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

161.    Plaintiffs' claims are barred in whole or in part by the provisions of Section 10 of the Portal-to-Portal Act, 27 U.S.C. § 259, because actions taken in connection with Plaintiffs' compensation were done in good faith in conformity with and reliance upon written administrative regulations, orders, rulings, approvals, interpretations, and written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor.

17

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

162. Plaintiffs have been paid all wages due, and, as such, cannot state a claim upon which relief could be granted.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

163. If the Plaintiffs sustained any personal injuries or damages as alleged in the Complaint, such injuries or damages were caused, aggravated or contributed to by the Plaintiffs' failure to take reasonable efforts to mitigate damages, and any award made to the Plaintiffs must be reduced in such proportion and to the extent that the injuries complained of were caused, aggravated or contributed to by said failure to mitigate damages.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

164. To the extent Plaintiffs have received other benefits and/or awards attributable to an injury for which they seek compensation in this case, such benefits and/or awards should offset, in whole or in part, any award they receive here for the same injury.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSES

165. Plaintiffs are precluded from recovering any amounts from Defendants where Defendants have paid Plaintiffs all sums legally due under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*, the New York Minimum Wage Act, N.Y. Labor Law §§ 650 *et seq.*, Article 6 of the New York Labor Law, N.Y. Labor Law §§ 190 *et seq.*, and all of their implementing regulations (collectively "Applicable Law").

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

166. Plaintiffs may not recover liquidated damages, because: (1) Defendants and all of their officers, directors, managers and agents acted in good faith and did not commit willful violation(s) of Applicable Law; (2) Defendants and their officers, directors, managers and agents

18

did not authorize any such willful violation with respect to Plaintiffs or any alleged member of any purported class or collective action, the existence of which Defendants affirmatively deny; and (3) Plaintiffs have failed to plead facts sufficient to support recovery of such damages.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

167.    Plaintiffs are precluded from recovering any amounts from Defendants for failure to pay compensation for hours worked because such time was worked without manager knowledge or approval.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

168.    The Court should not exercise supplemental jurisdiction over the claims in the Complaint that purport to arise under the New York Labor Law.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

169.    Plaintiffs' claims are barred in whole or in part to the extent that the work they performed falls within exclusions, exceptions or credits provided for in the Fair Labor Standards Act, the New York Labor Law, and their implementing regulations.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

170.    Plaintiffs' claims are barred in whole or in part by the doctrine of *de minims non curat lex*.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

171.    Defendants have, and had, no intention to violate any provision of the Fair Labor Standards Act and/or New York Law. Therefore, Defendants did not and are not willfully violating the Fair Labor Standards Act and/or New York Labor Law.

19

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

172.    With respect to some or all of the claims brought by the Plaintiffs on behalf of themselves, Defendants affirmatively plead that any act(s) and/or omission(s) that may be found to be in violation of the rights afforded by applicable law were not willful but occurred in good faith and with reasonable grounds for believing that they were in complete compliance with applicable law.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

173.    To the extent the Plaintiffs or any purported others allegedly similarly situated that they seek to represent have suffered injury, which is denied, that injury is the result of acts or omissions of the Plaintiffs and/or such purported others, and not any act or omission of the Defendants.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

174.    Defendants reserve their right to amend this Answer including, but not limited to, asserting additional affirmative defenses that may become apparent throughout the course of further investigation and/or discovery.

## AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

175.    Defendants did not willfully violate the FLSA and there is a bonafide dispute as to whether any additional wages are owing and due.

## AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

176.    Defendants' timekeeping and pay practices have been implemented in good faith and in compliance with the FLSA and NYLL.  Without waiving the argument that the Plaintiffs bear the burden of proof on this issue, Defendants have acted in good faith and on the reasonable belief that they were acting in accordance with the law

20

## AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

177.     Without waiving the argument that Plaintiffs bear the burden of proof on this issue, Defendants assert that they have no knowledge of hours worked except for the employee's self-reported. Therefore, no additional payment is warranted.

## AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

178.     Plaintiffs' claims are barred, in whole or in part, by documentary evidence.

## AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

179.     Even if Defendants, in fact, failed to pay Plaintiffs appropriately for any of the activities alleged in Plaintiffs' Complaint, to the extent that such activities do not constitute compensable work under the FLSA and/or NYLL, and furthermore, to the extent that such activities were not an integral and indispensable part of Plaintiffs' principal activities of employment, they are not compensable.

## AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE

180.     Plaintiffs' claims are barred in whole or in part by the NYLL and the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. § 254, as to all hours during which Plaintiffs were engaged in activities which were preliminary to his principal activities or incidental to harm.

## AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE

181.     Plaintiffs' NYLL claims cannot, lie, in whole or in part, to the extent Defendants are not covered by the New York Department of Labor Wage Order cited in Plaintiffs' Complaint, or any other Wage Order.

21

### AS AND FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE

182.    Plaintiffs are not entitled to equitable relief insofar as Plaintiffs have an adequate remedy at law.

### AS AND FOR A TWENTY-SIXTH AFFIRMATIVE DEFENSE

183.    Plaintiffs' alleged injuries were not proximately caused by any unlawful policy, custom, practice and/or procedure promulgated and/or tolerated by Defendants.

### AS AND FOR A TWENTY-SEVENTH AFFIRMATIVE DEFENSE

184.    Defendants have not willfully failed to pay Plaintiffs any wages and/or monies due, and there is a *bona fide*, good faith dispute with respect to Defendants' obligation to pay any sum that may be alleged to be due.

### AS AND FOR A TWENTY-EIGHTH AFFIRMATIVE DEFENSE

185.    To the extent that discovery reveals that Plaintiffs falsely reported his hours and there is no evidence that Defendants required the false report of hours; no evidence that Defendants encouraged Plaintiffs to falsely report their hours; and no evidence that Defendants knew or should have known that Plaintiffs were providing false information as to his hours, Defendants hereby involve the doctrines of estoppel and avoidable consequences to bar the claims asserted by Plaintiffs. *See Brumbelow v. Quality Mills, Inc.*, 462 F.2d 1324, 1327 (5th Cir. 1972).

### AS AND FOR A TWENTY-NINTH AFFIRMATIVE DEFENSE

186.    Plaintiffs are not entitled to an award of prejudgment interest of Plaintiffs prevails on any or all of his stated claims.

## AS AND FOR A THIRTIETH AFFIRMATIVE DEFENSE

187.    To the extent Defendants are alleged to have failed to provide Plaintiffs with notices required by NYLL § 195(1), such changes in pay were reflected in the wage statements provided pursuant to NYLL § 195(3).

## AS AND FOR A THIRTY-FIRST AFFIRMATIVE DEFENSE

188.    To the extent Defendants failed to provide Plaintiffs with notices required by NYLL § 195(1) and/or wage statements required by NYLL §195(3), Plaintiffs are not entitled to any damages as Defendants made complete and timely payment of all wages due pursuant to the NYLL.

WHEREFORE, Defendants, GUN JAE LEE, and TERI LEE i/s/h/a THERESA LEE a/k/a TERI LEE, jointly and severally, demand judgment:

(A)    Dismissing the Complaint;

(B)    Awarding it the costs and disbursements of this action; and

(C)    Awarding it such other and further relief that this Court may deem just and proper.

Dated: Woodbury, New York
       June 4, 2018

MILBER MAKRIS PLOUSADIS
& SEIDEN, LLP

By:    _____
       Elizabeth R. Gorman
       Attorneys for Defendants
       GUN JAE LEE, and TERI LEE i/s/h/a
       THERESA LEE a/k/a TERI LEE, jointly
       and severally
       1000 Woodbury Road, Suite 402
       Woodbury, New York 11797
       (516) 712-4000
       Our File No.: 420-15378

23

TO:    Thomas J. Lamadrid, Esq.
          Eisner & Dictor, P.C.
          Attorneys for Plaintiffs
          39 Broadway, Suite 1540
          New York, New York 10006
          (212) 473-8700

## CERTIFICATE OF SERVICE

ELIZABETH R. GORMAN, the attorney of record for Defendants, GUN JAE LEE and

TERI LEE i/s/h/a THERESA LEE a/k/a TERI LEE, hereby certifies that on the date shown below,

one copy of the foregoing **ANSWER** was caused to be served by ECF upon:

Thomas J. Lamadrid, Esq.
EISNER & DICTOR, P.C.
Attorneys for Plaintiffs
39 Broadway, Suite 1540
New York, New York 10006
(212) 473-8700


Dated: Woodbury, New York
June 4, 2018

_____
ELIZABETH R. GORMAN

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

PEDRO MANGOBA PEREZ JR., OLIVER UMALI
DELA CRUZ, LARRY VILLENA, and
RAYMUNDO ALMERON MINA JR.,

                    Plaintiffs,                    Docket No.:  18 cv 01922

        - against -

GUN JAE LEE, and THERESA LEE a/k/a TERI LEE,
jointly and severally,

                    Defendants.

-------------------------------------------------------------------X

## ANSWER

MILBER MAKRIS PLOUSADIS & SEIDEN, LLP
ATTORNEYS AT LAW
**Attorneys for Defendants**
*GUN JAE LEE and TERI LEE i/s/h/a THERESA LEE a/k/a TERI LEE*
*Office and Post Office Address, Telephone*
1000 Woodbury Road, Suite 402
WOODBURY, NEW YORK 11797
(516) 712-4000
MMPS File No.: 420-15378

| To | Signature (Rule 130-1.1-a) |
|---|---|
| | ........................................................ |
| | **Print name beneath** |
| Attorney(s) for | |

| Service of a copy of the within | is hereby admitted. |
|---|---|
| Dated, | ........................................................ |
| | Attorney(s) for |

Please take notice

☐ **NOTICE OF ENTRY**
that the within is a (*certified*) true copy of a
duly entered in the office of the clerk of the within named court on

☐ **NOTICE OF SETTLEMENT**
that an order                       of which the within is a true copy will be presented for settlement to the
HON.                              one of the judges of the within named court, at
on                        at                        M

Dated,                                    Yours, etc.
                                    MILBER MAKRIS PLOUSADIS & SEIDEN, LLP
                                    **Attorneys for Defendants**
To                                  *Office and Post Office Address*
                                     1000 Woodbury Road, Suite 402
                                    WOODBURY, NEW YORK 11797
                                    (516) 712-4000